STATE OF WEST VIRGINIA

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: B.S. and N.S.**

**No. 13-0060** (Raleigh County 10-JA-147 & 148)

## MEMORANDUM DECISION

Petitioner Father's appeal, by counsel Kris N. Kostenko, arises from the Circuit Court of Raleigh County, wherein his custodial and guardianship rights were terminated for both children, and visitation rights were terminated for N.S. by order entered on October 17, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Angela Alexander Walters, has filed its response. The guardian ad litem, Sante Boninsegna, Jr., has filed a response on behalf of the children. The child's mother, by counsel Winifred L. Bucy, co-petitioner below, has filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 7, 2010, the DHHR filed a petition for abuse and neglect based on allegations that Petitioner Father had inappropriately disciplined his son, N.S., using a belt and board and caused bruises to N.S.'s body. Adjudicatory hearings were held over four dates from May of 2011 to February of 2012. At the adjudicatory hearings, Kelly Estep, a DHHR case worker, testified that N.S. told her that he had been beaten by Petitioner Father with a belt and a board, but the children's babysitter, paternal aunt, paternal grandmother, and Petitioner Father testified that N.S. had a history of intentionally injuring himself and blaming it on others. Terri McDonald, who taught N.S. at a behavior class, testified that she did not believe N.S. when he told her he was abused, and that Respondent Mother tried to paint Petitioner Father in a bad light to N.S. At the dispositional hearing in October of 2012, the circuit court determined that Petitioner Father consistently denied the abuse of N.S. and, therefore, there could be no case plan to remediate the basis for the petition. The circuit court terminated the custodial and guardianship rights to both children, but permitted supervised visitation with B.S. for no more than eight hours per month.

On appeal, Petitioner Father argues that the circuit court erred in finding that the DHHR showed by clear and convincing evidence that Petitioner Father physically harmed his son because the only testimony supporting such a finding was based on a child "who had an extensive history of hurting himself and blaming it on others, including his father." Respondent Mother and the guardian argue that the testimony stating that N.S. self-inflicted his injuries was not credible

1

due to the witnesses' inability to answer questions on cross-examination after having detailed answers for Petitioner Father's counsel.

Petitioner Father further argues that the court erred in refusing to grant him an improvement period. Petitioner reiterates that the evidence was not clear and convincing that he harmed N.S., and, therefore, he should have been permitted an improvement period to maintain a home in which the children could feel comfortable. Respondent Mother, the guardian, and the DHHR argue that because Petitioner Father denies culpability for the abuse of his child, an improvement period is an exercise in futility and, therefore, the circuit court should be affirmed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996)

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). This Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated:

> "in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *West Virginia Dept. of Health and Human Resources v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996)

*In re Kaitlyn P.*, 225 W.Va. 123, 126, 690 S.E.2d 131, 134 (2010).

Upon our review, the Court finds no error in the circuit court's denial of an improvement period or its termination of Petitioner Father's custodial, guardianship, and visitation rights. The Court finds that the circuit court was presented with sufficient evidence upon which it based findings that Petitioner Father would not substantially comply with an improvement period and

2

to, accordingly, deny his motion for an improvement period. The Court also finds that the circuit court was presented with sufficient evidence upon which it based its findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate custodial and guardianship rights upon such findings. We have previously held that, in ruling on post-termination visitation, "'[t]he evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest.' Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995)." Syl. Pt. 11, in part, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). Upon our review, we find that the record shows that such visitation would not have been in N.S.'s best interest. For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's custodial, guardianship, and visitation rights and denial of an improvement period is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3